## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROBERT MAYER,

      Plaintiff,

                                  Civil Action No. 16-10601

v.

                                  HONORABLE DENISE PAGE HOOD

WELLS FARGO BANK, N.A.,
TROTT LAW, P.C., JOHN AND JANE
DOES 1-15 and JOHN AND JANE
DOES CORPORATIONS 1-5,

      Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS
## OR FOR SUMMARY JUDGMENT
## AND
## DISMISSING ACTION WITH PREJUDICE

## I.      BACKGROUND

On February 18, 2016, this action was removed by Defendant Wells Fargo Bank, N.A. from the Washtenaw County Circuit Court. (Doc. No. 1) Plaintiff Robert Mayer, proceeding *pro se*, filed the instant suit against Defendants Wells Fargo Bank, N.A., Trott Law, P.C., John and Jane Does 1 through 15 and John and Jane Doe Corporations 1 through 5 alleging the foreclosure of his property was illegal. Mayer alleges that Defendants violated:  MCLA § 600.3204(1)(b) (Count 1); MCLA § 600.3204(3) (Count 2); MCLA § 600.3208 (Count 3); MCLA § 600.3220 (Count 4);

and reservation to amend (Count 5). Mayer also filed a Notice of Les Pendes pursuant to MCLA § 600.2701. Mayer seeks to quiet title, the return of his property, and treble damages based on the foreclosed value of the property which was $244,900.

Mayer alleges that on August 6, 2016, the property located at 7628 7 Mile Rd., Salem Township, Michigan, 48167, was foreclosed by "Sheriff's Deed on Mortgage Sale." (Doc. No. 1-2, Comp., ¶ 4) Mayer claims that Wells Fargo improperly foreclosed on the property on August 6, 2015 and improperly removed the first case, Case No. 15-12503, on October 7, 2015 since Mayer had filed a Lis Pendes prior to the foreclosure and removal on May 27, 2015. *Id.* at ¶¶ 7-10.

As to his claim in Count 1, Mayer asserts that Defendants violated the foreclosure by advertisement statute, MCLA § 600.3204(1)(b), since not all the conditions were met under the statute. *Id.* at ¶¶ 10-11. Mayer further asserts that Defendants violated the statute because Wells Fargo proceeded on the foreclosure sale on August 6, 2015 even though he had filed a Lis Pendes and an action against Wells Fargo. *Id.* at ¶ 12. Mayer claims he was not aware that the foreclosure sale had occurred until he received a letter from the Trott law firm dated January 4, 2016, which only left Mayer a few weeks on the redemption period as opposed to the full six months. *Id.* at ¶ 16. Mayer asserts he was "misled" in believing that no sale had occurred based on Defendants' statements before the Court during the first case on

2

November 10, 2015. *Id.* at ¶ 17.

Regarding Count 2, violation of MCLA § 600.3204(3), Mayer claims that there was a possibility that the title may have been transferred since Wells Fargo referred to itself as the servicer. *Id.* at ¶ 22. Mayer further claims that in response to his request for a debt validation on May 22, 2015, Wells Fargo refused to provide a complete account payment history. *Id.* at ¶ 23.

Mayer states in Count 3 that Defendants violated MCLA § 600.3208 as to notice of the foreclosure since the Washtenaw County Legal News is not a "newspaper" that is "published" in Washtenaw County. *Id.* at ¶¶ 24-25.

Mayer claims in Count 4 that there was no proper posting of notice that the original foreclosure sale scheduled on June 4, 2015 was adjourned to August 6, 2015, which was a violation of MCLA § 600.3220. *Id.* at ¶¶ 36-38.

As noted by Mayer in his Complaint, he previously filed an action before the Washtenaw County Circuit Court, which was removed to this Court. *See, Mayer v. Wells Fargo,* Case No. 15-12503 ("*Mayer I*"). In the first action, the Court entered an Order dismissing Mayer's Complaint on December 1, 2015. (Case No. 15-12503, Doc. No. 14 and Case No. 16-10610, Doc. No. 2, Ex. 5)

This matter is before the Court on Defendant Wells Fargo's Motion to Dismiss and/or for Summary Judgment filed on February 19, 2016 based on *res judicata* and

the redemption period has run.  Mayer did not a file a response, but appeared at the hearing.  The Court thereafter allowed Mayer to file a late response.  Wells Fargo was then allowed to file a reply to Mayer's response.  The parties have now submitted their briefs.

## II.    ANALYSIS

### A.    Standard of Review

Rule 12(b)(6) of the Rules of Civil Procedure  provides for a motion to dismiss based on failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]  Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard."  *Id.* at 563.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.  Such allegations are not to

be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). To survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict

for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984). However, *pro se* litigants are not excused from failing to follow basic procedural requirements. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d

339, 343 (6th Cir. 1988).

### B.    Res Judicata

Wells Fargo moves to dismiss the action claiming that the doctrine of *res judicata* applies.  In an order dated December 1, 2015, the Court dismissed a prior Complaint filed by Mayer in Case No. 15-12503.  Wells Fargo asserts that the dismissal of the prior action precludes Mayer from seeking any further relief regarding his property.

The doctrine of *res judicata* involves both "claim preclusion" and "issue preclusion."  See *Migra v. Warren City School District Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984).  Claim preclusion involves three elements: 1) there must be a final judgment on the merits on the prior lawsuit; 2) the same claims are involved; and 3) the same parties or their privies are involved.  *EEOC v. United States Steel Corp.*, 921 F.2d 489, 493 (3rd Cir. 1990); *Montana v. United States*, 440 U.S. 147, 153-54 (1979); *James v. Gerber Products Co.*, 587 F.2d 324, 327-28 (6th Cir. 1978).  *Res judicata* requires that a plaintiff initially raise all claims in prior suits and therefore bars those claims from being litigated at some future time.  See *Rivers v. Barberton Board of Education*, 143 F.3d 1029, 1031-32 (6th Cir. 1998).

The first element, that there be a final judgment on the merits in a prior lawsuit, has been met.  The Court entered a judgment and an order dismissing Mayer's

7

Complaint against Wells Fargo in the prior lawsuit, *Mayer I*.   (Case No. 15-12503, Doc. No. 14 and Case No. 16-10610, Doc. No. 2, Ex. 5)

The second element has been met in that the same claims involving the foreclosure of Mayer's property are raised in the instant action.  "To constitute a bar, there must be an identity of the causes of action that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action."  *Westwood Chemical Co., Inc. v. Kulick,* 656 F.2d 1224, 1227 (6th Cir. 1981).  In *Mayer I*, the allegations were that Wells Fargo committed fraud in servicing the mortgage and mortgage assignment, violated the Deceptive Trade Practices Act, violated the Real Estate Procedures Act and was unjustly enriched by the foreclosure.   Mayer sought to quiet title and return of the property.  (Case No. 15-12503, Doc. No. 1, Ex. A)  The Court found that Wells Fargo was the property party to foreclose on the mortgage under MCL § 600.3204(1)(d) and (3). (Case No. 15-12503, Doc. No. 14, p. 7 and Case No. 16-10610, Doc. No. 2, Ex. 5, p. 7)  The Court also found that Mayer could not meet the elements of quiet title under MCLA § 600.2932(1) and failed to allege fraud by Wells Fargo.  *Id.*, pp. 10-11.

In the instant case, Mayer alleges improper foreclosure under MCLA § 600.3204 and failure to provide appropriate notices regarding the foreclosure and any adjournment of the foreclosure sale.  Mayer's claims and allegations in the second

8

action all relate to the foreclosure action by Wells Fargo which this Court found proper in the first action, *Mayer I*.  The same evidence and facts in both cases create the causes of action identified by Mayer in both cases.  As to Mayer's claim regarding the redemption period, the Court addresses that issue below.

As to the third element, the same parties or their privies are involved, the Court finds this element has also been met.  Mayer is the same plaintiff in both cases.  Wells Fargo is a defendant in both cases.  In the second case, Trott Law is named as a defendant.  Trott Law represented Wells Fargo during the foreclosure proceeding against Mayer.  (Doc. No. 1-2, Comp., Pg ID 41-46)  Trott Law, as Wells Fargo's representative during the foreclosure proceedings, is a privy of Wells Fargo.

For the reasons stated above, *res judicata* or claim preclusion bars Mayer's claims under this second case as to Defendants Wells Fargo and Trott Law.  Even if Mayer "identified" new claims in this second case, such as improper notices of the foreclosure sale, *res judicata* requires that a plaintiff initially raise all claims in prior suits.  The first suit bars any newly-identified claims raised in a subsequent action from being litigated.  *See Rivers*, 143 F.3d at 1031-32.  The claims against Wells Fargo and Trott Law are dismissed in this second action.

### C.     Redemption Period

Alternatively, Wells Fargo argues that Mayer no longer has standing to

challenge the foreclosure since the redemption period following the sheriff's sale expired on February 6, 2016.  Mayer asserts in his Complaint that he did not have the full six month redemption period because he was not notified of the sale until January 4, 2016, which left him only a few weeks to redeem the property.  Mayer also alleges in his Complaint, which is supported by the transcript he submitted with his Complaint, that at a hearing before this Court in the first case, counsel for Wells Fargo stated, "[t]he mortgage, as I understand it, is alleged by the Plaintiff to be in default, but there has been no foreclosure sale to date."  (Case No. 16-10601, Doc. No. 1-2, Ex. A, Pg ID 61)

After a sheriff's sale is completed, a mortgagor may redeem the property by paying the requisite amount within the prescribed time limit, which is six months in this case.  MCLA § 600.3240.  If a mortgagor fails to avail himself of the right of redemption, all the mortgagor's rights in and to the property are extinguished. *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 187 (1942).  A plaintiff's suit does not toll the redemption period under Michigan law.  *See, Awad v. Gen. Motors Acceptance Corp.*, Case No. 302692, 2012 WL 1415166 at *2 (Mich. Ct. App. Apr. 24, 2012).  Once the redemption period has expired, a plaintiff no longer has legal cause of action to establish standing since the plaintiff's rights as to the property has been extinguished.  *Bryan v. JPMorgan Chase Bank,* 304 Mich. App. 708, 714-15

(2014); *Mourad v. Homeward Residential, Inc.,* 517 F. App'x 360, 366 (Mar. 8, 2015).

As noted by Mayer in his papers in this case, the sheriff's sale occurred on August 6, 2015, which meant Mayer had until February 6, 2016 to redeem the property. Although Mayer argues he did not receive notice of the adjourned sheriff's sale from June 4, 2015 to August 6, 2015, Mayer had notice of the original June 4, 2015 date, which notice indicated the redemption period would expire six months from the date of such sale. (Case No. 15-12503, Doc. No. 1-5, Pg ID 53-54) Mayer did not seek to extend the sheriff's sale or the redemption period during the pendency of the first action before this Court.

MCLA § 600.3220 provides that a sheriff's sale may be adjourned from time to time and that such adjournment notice shall be published by posting a notice of such adjournment at the time of and at the place where the sale is to be made. If the adjournment is more than one week, the notice shall be appended to the original notice and published in the newspaper. MCLA § 600.3220. Wells Fargo submitted the Notices of Adjournment which shows compliance with the statute. (Case No. 16-10610, Doc. No. 2, Ex. 6) Nothing in Mayer's new submissions in this case shows he sought any extensions of the redemption period, even though he alleged in this second Complaint that the property was foreclosed by "Sheriff's Deed on Mortgage

11

Sale on August 6, 2015." (Case No. 16-10610, Comp., ¶ 4) Although he asserts he was not aware of the August 6, 2015 foreclosure sale until he received a letter from Trott Law dated January 4, 2016, Mayer was aware of the original date of June 4, 2015 based on documents filed in the first case as noted above. Even though defense counsel indicated to the Court at a November 10, 2015 hearing in the first case that no foreclosure had yet taken place at the time of the hearing, Mayer does not dispute that he received notice regarding the original June 4, 2015 date. Even after receiving the January 4, 2016 notice, Mayer did not seek to extend the redemption period at that time. Wells Fargo has shown that it followed the requirements under Michigan law as to the foreclosure proceedings.

Based on his allegations in the second Complaint that the foreclosure should not have proceeded based on the filing of his first case, Mayer is asserting that his first case (and probably the filing of the second case) "tolled" the foreclosure proceedings or redemption period. As noted by the Michigan and Sixth Circuit appellate courts, a plaintiff's suit does not toll the redemption period under Michigan law and that after the expiration of the redemption period, a plaintiff no longer has a cause of action as to the property. *Awad*, 2012 WL 1415166 at *2; *Bryan*, 304 Mich. App. at 714-15; *Mourad*, 517 F. App'x at 366. Mayer cannot state a claim for which relief may be granted regarding the property at issue since the redemption period has expired and

Mayer's interest in the property no longer exists.

## III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant Wells Fargo's Motion to Dismiss or Summary Judgment **(No. 2, 2/19/16)** is GRANTED.  Defendant Wells Fargo Bank, N.A. is DISMISSED.

IT IS FURTHER ORDERED that Defendant Trott Law, P.C. is also DISMISSED as Wells Fargo's privy.  Defendants John and Jane Does 1-15 are DISMISSED since there are no factual allegations against these unidentified individual Defendants.  Defendants John and Jane Does Corporations 1-5 are also DISMISSED since there are no claims against the unidentified corporate parties.

IT IS FURTHER ORDERED that this action is designated as CLOSED on the Court's docket.

IT IS SO ORDERED.


                              s/Denise Page Hood_____
                              Denise Page Hood
                              Chief Judge, United States District Court

Dated:  July 29, 2016

13

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 29, 2016, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

14